AFSANEH AZADEH AND SIED M. MEHDIPOUR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Azadeh v. Commissioner
Docket No. 6615-93.
United States Tax Court
T.C. Memo 1995-381; 1995 Tax Ct. Memo LEXIS 387; 70 T.C.M. (CCH) 365; August 14, 1995, Filed *387 Decision will be entered under Rule 155. Sied M. Mehdipour, pro se. Mary P. Kimmel, for respondent. GERBER, Judge GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent determined a $ 15,862 income tax deficiency and a $ 3,172.40 addition to tax under section 6662(b) (1) [1] for petitioners' 1989 tax year. The issues remaining for our consideration are: [2] (1) Whether petitioners failed to report a $ 45,673 capital gain from the sale of their residence; (2) whether petitioners are entitled to deduct Schedule E expenses and a casualty loss in the amounts of $ 2,330 and $ 4,978, respectively; (3) whether any part of petitioners' underpayment was due to negligence or intentional disregard of the rules or regulations. *388 The parties' stipulation of facts, along with attached exhibits, are incorporated by this reference. For convenience, we have combined our findings of fact and opinion with respect to each issue. Sale of Residence--Respondent determined that petitioners failed to report $ 45,673 of capital gain.--Petitioners resided in San Jose, California, at the time of the filing of their petition. During 1981, property located at 5510 Southcrest Way (5510 property) was purchased for $ 110,124.12. The 5510 property was deeded, during November 1981, in undivided interests, 25 percent to Shahriar Massihpour, and 37.5 percent each to petitioner Afsaneh Azadeh and Amir Mansour Azadeh. Petitioners resided in the 5510 property at all pertinent times. Petitioners were married during 1987. Other than petitioner Afsaneh Azadeh, the individuals named on the deed to the 5510 property were her parents. On November 1, 1989, the 5510 property was sold. The basis in the 5510 property was $ 108,211. The expenses and costs of closing were $ 16,995. After disbursements totaling $ 103,907.80 for costs, expenses, and encumbrances, the residual proceeds of $ 143,362.20 were distributed as follows: 37.5 percent *389 to petitioner Afsaneh Azadeh; 37.5 percent to Mansour Azadeh as designee of Amir Mansour Azadeh; and 25 percent to Fatemen Moiniazad. Petitioners did not purchase another residence within 2 years of selling their residence during 1989. The title company issued Forms 1099-S (Proceeds From Real Estate Transactions) to respondent and each of the three percentage recipients of sales proceeds, reflecting the total ($ 247,000 [3]) on each information form. Respondent, in the notice of deficiency, treated petitioners as owning 37.5 percent of the property and the proceeds, and included $ 45,673 of the $ 121,794 net capital gain in their gross income for 1989. Petitioners bear the burden of proving that respondent's determination is in error. Rule 142(a); ; *390 . Petitioners contend that they were instructed by respondent's agents not to reinvest in a replacement residence and that they were deprived of the benefit of deferring their gain under section 1034. Additionally, petitioners contend that if they are required to report capital gain from the sale of their residence for 1989, the amount should be $ 35,500 (25 percent [4]) and not $ 45,673 (37.5 percent) as determined by respondent. The documentary evidence in this case reflects that petitioners owned and received 37.5 percent of the proceeds of the sale of the residence in which they lived. Petitioner Sied M. Mehdipour, in unsubstantiated and somewhat confusing testimony, stated that *391 his wife owned a percentage that was less than that shown on the documents. That testimony is insufficient to overcome substantial evidence to the contrary. With respect to the section 1034 argument, petitioners contend that their 1989 year was audited prior to the time within which they could have replaced their residence and deferred gain under section 1034. Petitioners contend that they were advised by respondent's agent that, once audited, it was too late to utilize section 1034. Although petitioners suggest that they did not reinvest in another residence because of that advice, we are without authority to vary the time within which reinvestment must occur under section 1034. Accordingly, respondent's determination that petitioners failed to report $ 45,673 of long-term capital gain is sustained. Respondent disallowed deduction of $ 2,330 of Schedule E rental expenses.--Petitioners claimed $ 2,330 of expenses regarding the 5510 property, composed of the following items: Item
Amount
Advertising
$ 140
Auto and travel
250
Cleaning and maintenance
100
Insurance
325
Repairs
150
Supplies
450
Taxes
265
Utilities
650
Total
$ 2,330
Respondent disallowed the *392 entire amount with the explanation that petitioners had not established that they incurred and paid for bona fide rental expenses. At trial, petitioner Sied M. Mehdipour explained that about 3 months prior to selling the 5510 property, he and his wife moved out and began renting an apartment. He went on to explain that his in-laws continued to make monthly payments to him as their portion of the mortgage payment. Finally, petitioner made the bizarre contention that the payments from his in-laws may have been considered rental income by respondent, so he claimed the $ 2,330 in rental expenses for appearances. Petitioner, when questioned by the Court, admitted that he was not entitled to the $ 2,330 in rental expense, and we so hold. Respondent disallowed petitioners' claimed casualty loss in the amount of $ 4,978.--After trial, and on brief, respondent conceded that petitioners are entitled to a $ 4,600 casualty loss on property located at 1455 Saratoga Avenue, #2008, and 37.5 percent of the $ 4,000, or $ 1,500, of a casualty loss to the 5510 property. Petitioners were agreeable to those concessions and offered no evidence which would show their entitlement to an additional amount. *393 Accordingly, petitioners, subject to the statutory limitations, are entitled to claim a $ 6,100 casualty loss. Respondent determined that petitioners' underpayment was due to negligence or intentional disregard of the rules or regulations under section 6662(b) (1).--Negligence includes a lack of due care or a failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioners bear the burden of proving that respondent's determination of negligence is erroneous. Rule 142(a); . Petitioners failed to report income from the sale of their residence even though they failed to reinvest, failed to report interest income, and improperly claimed rental expenses. They did not provide any reasonable explanation for these omissions and improper deductions. The remaining items have been resolved. Accordingly, we hold that the section 6662(a) addition to tax applies to the entire income understatement. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Section references are to the Internal Revenue Code as amended and in effect for the 1989 tax year. Rule references are to this Court's Rules of Practice and Procedure.↩
2. Petitioners conceded that they failed to report $ 116 of interest income for 1989. Respondent conceded that petitioners did not fail to report $ 23 of interest income and that petitioners are entitled to $ 11,913 of business expenses claimed on their Schedule C for 1989.↩
3. There is a $ 270 discrepancy between the settlement figure ($ 247,270) and the Forms 1099-S and notice of deficiency figure ($ 247,000). For convenience, we use the $ 247,000 amount as being correct.↩
4. Although petitioners contend that they owned only 25 percent of the residence, the amount of gain ($ 35,500) they suggest would be reportable does not equal 25 percent of the net proceeds of sale. Twenty-five percent of the net proceeds ($ 121,794) equals $ 30,449.↩